## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TODD OLIVER AMEEN,         )
                              )
      Petitioner,          )
                              )
v.                            )        Case No. CIV-19-00485-PRW
                              )
DEON CLAYTON, Interim Warden,[1]  )
                              )
      Respondent.       )

## <u>ORDER</u>

Petitioner Todd Oliver Ameen, a state inmate appearing pro se, seeks habeas relief under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Bernard Jones for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent Tommy Sharp filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations (Dkt. 13) and Brief in Support (Dkt. 14), to which the Petitioner filed a Response (Dkt. 17). On August 27, 2019, the Magistrate Judge issued a Report and Recommendation (Dkt. 18) recommending that Respondent's Motion to Dismiss (Dkt. 13) be granted and giving Petitioner until September 17th to file any objections.

Petitioner filed a Motion for Extension of Time to File Objections to Report and Recommendation (Dkt. 19) on September 16, 2019, asking that he be given more time to type his objections, and then filed his partially typed Objections to Report and

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Deon Clayton, Interim Warden of the Howard McLeod Correctional Center, is hereby substituted as the Respondent in this action.

Recommendation (Dkts. 20 & 20-2) on September 18, 2019. On September 23, 2019, the Court entered and Order (Dkt. 21) denying the motion for extension of time as unnecessary because the handwritten portion of Petitioner's objections was adequately legible, thus obviating the need for conversion to type. Since then, Petitioner has also filed five motions to supplement his objections to the Report and Recommendation and a handwritten Motion for Matter Under Advisement/Motion for Inquiry (Dkt. 37) that asks this Court to "inform [him] of its position regarding his § 2254 Petition and/or status of determination."

The Court must resolve his objections by "mak[ing] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[2] Only after that may the Court "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[3]

For the reasons discussed below, the Court **OVERRULES** Petitioner's Objections to Report and Recommendation (Dkts. 20 & 20-2); **GRANTS** his motions to supplement (Dkts. 22, 23, 24, 26 & 30) and **OVERRULES** any objections contained therein; **ACCEPTS** the Magistrate Judge's Report and Recommendation (Dkt. 18); **GRANTS** Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations (Dkt. 13); and **DISMISSES WITH PREJUDICE** the claims contained in the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person

---

[2] 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3).

[3] 28 U.S.C. § 636(b)(1).

in State Custody (Dkt. 1) as time-barred by the one-year statute of limitations appearing in 28 U.S.C. § 2244(d)(1). Insofar as this Order rules upon the timeliness of the habeas petition, Petitioner's Motion for Matter Under Advisement/Motion for Inquiry (Dkt. 37) is rendered **MOOT**.

# I. ANALYSIS

## A. Petitioner's Objections to Report and Recommendation (Dkts. 20 & 20-2)

Petitioner's primary argument is that he was insane at the time he committed his crime, and that he thus cannot be held legally responsible for that crime. The Report and Recommendation (Dkt. 5) correctly characterizes this as a claim of legal innocence, rather than one of actual innocence.[4] Petitioner objects to this characterization, and argues that his petition should be treated as one alleging actual innocence, such that the Court should ignore the procedural default of untimeliness and reach the merits of Petitioner's claims in order to avoid a fundamental miscarriage of justice.[5] Upon de novo review, the Court agrees with the Magistrate Judge's analysis and conclusion that the Petition (Dkt. 1) raises a claim of legal innocence, and not actual innocence.[6] "[A]n insanity defense, even if

---

[4] R. & R. (Dkt. 18) at 6–7.

[5] Objs. to R. & R. (Dkt. 20) at 1.

[6] Petitioner's claim of actual innocence is belied by his admission in the Plea of Guilty/Summary of Facts (Dkt. 14-2) that he "broke [sic] and entered the home of Spencer Hinkle, while Mr. Hinkle was home, *with intent to commit a felony*." Plea of Guilty/Summary of Facts (Dkt. 14-2) at 5 (emphasis added). Although such statement was apparently written by Petitioner's attorney, Petitioner verified that he and his attorney went over the form and that he "underst[oo]d its contents *and agree[d] with the answers*," *id.* at 6 (emphasis added); and his attorney certified that he "read and fully explained to the [Petitioner] all of the questions in the Plea of Guilty/Summary of Facts and [that] *the*

justified, does not demonstrate factual innocence."[7] Consequently, Petitioner's objection on this basis is overruled.

Petitioner next objects to the Magistrate Judge's conclusion that Petitioner knew of the factual predicates for his claim of insanity before his conviction became final. Petitioner argues that he did not become aware of the factual predicates until December 6, 2017, when he received a copy of the incident report related to his offense.[8] The Magistrate Judge is correct, however, that Petitioner's admission that he "told counsel for 20½ months . . . that [he] was suffering from mental illness at the time of the offense" demonstrates that Petitioner was aware of the fact of his potential insanity defense before his conviction became final.[9] While the incident report may provide evidentiary support for an insanity defense, the Magistrate Judge is correct that § 2244(d)(1)(D) is not implicated, because Petitioner was plainly aware of the fact of his potential insanity defense prior to receiving the incident report. The critical issue is whether Petitioner was aware of the underlying facts that might serve as the basis for an insanity defense, not whether he was aware of

---

*answers to the questions set out in the Summary of Facts are the [Petitioner]'s answers,*" *id.* at 12 (emphasis added).

[7] *Freeman v. Zavaras*, 467 F. App'x 770, 776 (10th Cir. 2012) (citing *DeLalio v. Wyoming*, 363 F. App'x 626 (10th Cir. 2010)).

[8] Objs. to R. & R. (Dkt. 20-2) at 1, 6; *see also* Objs. to R. & R. (Dkt. 20) at 12, 14.

[9] R. & R. (Dkt. 18) at 8 (citing Pet. for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody (Dkt. 1) at 9–10).

evidence that would support such a defense.[10] Consequently, Petitioner's second objection is overruled.

### B. Petitioner's First Motion to Supplement (Dkts. 22 & 22-1)

In his first Motion to Supplement Objections to Report and Recommendation (Dkt. 22) filed on October 17, 2019, Petitioner argues that he "failed to raise certain important necessary objections that should have been raised," and asks that he be allowed to lodge those new and untimely objections.[11] The Court hereby grants the Motion to Supplement Objections to Report and Recommendation (Dkt. 22) and considers all objections raised by Petitioner in reviewing the objected-to portions of the Report and Recommendation (Dkt. 18) de novo.

Petitioner first claims that "the State trial courts did not address or adjudicate all of my constitutional claims in my original post-conviction relief application."[12] This, however, is not an objection to the Report and Recommendation (Dkt. 18), but rather an attempt to raise a new argument not made in the Petition (Dkt. 1). Because this argument was not raised in the Petition (Dkt. 1), and Petitioner offers no excuse for his failure to include this argument in his Petition (Dkt. 1), the Court rejects this argument as untimely.

---

[10] *See id.* at 7 ("[T]he statute of limitations begins at the time petitioner discovered the underlying facts, not the date he discovered evidence to prove those facts." (citing *Craft v. Jones*, 435 F. App'x 789, 791 (10th Cir. 2011))).

[11] Mot. to Suppl. Objs. to R. & R. (Dkt. 22) at 1.

[12] Suppl. Objs. to Mag.'s R. & R. (Dkt. 22-1) at 1.

Petitioner's final five objections either re-hash arguments already made in his Petition (Dkt. 1) or attempt to raise new arguments not made in his Petition (Dkt. 1).[13] Upon de novo review, the Court agrees with the Magistrate Judge that equitable tolling does not apply and that—as explained above—Petitioner was aware of the factual predicate for his insanity defense prior to his conviction becoming final.[14] Petitioner's fourth and fifth objections miss the point that the Magistrate Judge has correctly concluded it is not appropriate to address his constitutional claims because those claims are time-barred. Thus, no hearing is necessary because the Petition (Dkt. 1) must be dismissed. Lastly, Petitioner's sixth objection raises an argument not included in his Petition (Dkt. 1), and the Court accordingly rejects this argument as untimely raised.

Consequently, all objections raised in the first motion to supplement are overruled.

### C. Petitioner's Second Motion to Supplement (Dkts. 23 & 23-2)

On October 29, 2019, Petitioner filed a Motion to Supplement Information Concerning One of Petitioners [sic] Objections to Report and Recommendation and Newly Developed Information Concerning the Evidence Provided Supporting Petitioners [sic] Actual Innocence Claim (Dkt. 23), wherein he "ask[s] to supplement one objection concerning his court record and information regarding the evidence of his actual innocence."[15] The Court hereby grants the motion (Dkt. 23) and considers the supplemental

---

[13] *Id.* at 3-9.

[14] *See supra* note 9 and accompanying text.

[15] Mot. to Suppl. Info. Concerning One of Pet'r's Objs. to R. & R. (Dkt. 23) at 1.

information in reviewing the objected-to portions of the Report and Recommendation (Dkt. 18) de novo.

In furtherance of his argument for statutory tolling under § 2244(d)(1)(A), Petitioner argues that he has found proof that he was unable to obtain a copy of his police incident report prior to December 6, 2017, even though he was diligently attempting to do so. The "proof" consists of a letter Petitioner attached to his May 22, 2017 Motion for Hearing for Judicial Review/Modification of Sentence (Dkt. 14-3) filed in state court,[16] as well as another letter filed in state court on November 8, 2017.[17] Petitioner's argument here does not reach the relevant issue of when Petitioner discovered the underlying facts that would support an insanity defense; instead, it only reaches the irrelevant issue of when Petitioner discovered further evidence in support of the underlying facts he had known since before he entered a guilty plea. Moreover, Petitioner's "proof" seemingly undermines his argument to toll the statute of limitations until December 6, 2017, because the May 22, 2017 letter demonstrate he knew the underlying facts that would support an insanity

---

[16] The May 22, 2017 Motion for Hearing for Judicial Review/Modification of Sentence and attached letter have been filed of record in this case as Exhibit 3 (Dkt. 14-3) to Respondent's Brief in Support of Motion to Dismiss Habeas Corpus Petition as Time-Barred by the Statute of Limitations (Dkt. 14). Unfortunately, it appears the portion of the letter Petitioner quotes has not been included in the record, probably because it was on the back side of the piece of paper appearing on page 4 of Exhibit 3 and was not scanned. *See* Mot. for Hr'g for Judicial Review (Dkt. 14-3) at 4–5 (showing "Back→" at the end of page 4, as well as highlighted page numbers of "76" and "78" for the state court's Record on Appeal). The full letter is publicly available at https://www.oscn.net/dockets/GetDocument.aspx?ct=cleveland&bc=1036832286&cn=CF-2015-474&fmt=pdf.

[17] This letter has not been filed of record in this case, but is publicly available at https://www.oscn.net/dockets/GetDocument.aspx?ct=cleveland&bc=1038442506&cn=CF-2015-474&fmt=pdf.

defense before he pleaded guilty in November 17, 2016.[18] Accordingly, Petitioner's argument here does not change the Court's decision to overrule the second objection raised in Petitioner's Objections to Report and Recommendation (Dkt. 20-2).

In support of his actual innocence claim, Petitioner asserts that a new "fact has developed" that he believes "is strongly supportive and beneficial to [his] **defense of insanity**."[19] The new fact is the Midwest City Municipal Court's dismissal on September 16, 2019, of an unrelated case from 2015. Petitioner argues that the municipal case was dismissed because he filed a motion to dismiss on grounds of insanity.[20] But the order of dismissal that Petitioner attached to his motion to supplement shows the charges were "dismissed *without* prejudice" because Petitioner "is in prison."[21] Consequently, Petitioner's argument that this dismissal somehow proves he was insane 12 days before he committed the crime at issue in this habeas proceeding is misplaced. Moreover, Petitioner's argument has missed the point that insanity serves as no basis for "actual innocence" within

---

[18] *See, e.g.*, Mot. for Hr'g for Judicial Review (Dkt. 14-3) at 4–5 (demonstrating that as of May 2017, Petitioner knew he was diagnosed paranoid schizophrenic, that he "was talking to [his] deceased grandfather and looking for him at the time" of the alleged burglary, and that he "was without [his] medication and was dillusional [sic] and not thinking very clearly"); *id* at 5 (admitting that, while he was still being prosecuted for the underlying burglary in state court, he had sent about "20 or 30" letters to his public defender explaining that he "was suffering from [his] mental disorder and talking to [his] deceased grandfather and did not know what [he] was doing.").

[19] Suppl. Info. for Objs. to Mag.'s R. & R. (Dkt. 23-2) at 2.

[20] *Id.*

[21] Midwest City Mun. Ct. Plea Agreement (Dkt. 23-1) at 1 (emphasis added). Had the municipal court found that Petitioner's case should be dismissed for reasons of insanity, it would have presumably dismissed the case with prejudice.

the Tenth Circuit.[22] Consequently, Petitioner's argument does not change the Court's decision to overrule the first objection raised in Petitioner's Objections to Report and Recommendation (Dkt. 20).

### D. Petitioner's Third Motion to Supplement (Dkts. 24 & 24-1)

On November 25, 2019, Petitioner filed a Motion to Supplement Information Concerning One of Petitioners [sic] Objections to Report and Recommendation (Dkt. 24), wherein he requests leave to supplement an objection with "information concern[ing] further explanation and fact on the issue of **factual predicates/new evidences**."[23] The Court hereby grants the motion (Dkt. 24) and considers the supplemental information in reviewing the objected-to portions of the Report and Recommendation (Dkt. 18) de novo.

Petitioner's third motion to supplement simply re-hashes arguments already made in his second motion.[24] The only new argument appearing in the third motion to supplement is Petitioner's assertion that "[his] own confused misunderstood knowledge of [his] mental illness being suffered at the time of the offense . . . should not be looked at as a factual predicate of [his] claims because although [he] had given [his] testimony to counsel, counsel never once offered any defense concerning it and never discussed [his] sanity at the time of the offense with [him] even though [he] had brought it up to him [i.e., counsel]

---

[22] *See supra* notes 6–7 and accompanying text.

[23] Mot. to Suppl. Info. Concerning One of Pet'r's Objs. to R. & R. (Dkt. 24) at 1.

[24] *Compare* Suppl. Objs. to Mag.'s R. & R. (Dkt. 24-1) at 5, 8–9 (discussing the Midwest City Municipal Court's dismissal of an unrelated case, the May 22, 2017 letter, and the November 8, 2017 letter), *with* Suppl. Info. for Objs. to Mag.'s R. & R. (Dkt. 23-2) at 1–2 (discussing the same).

for 20 months."[25] Although Petitioner seemingly acknowledges for the first time the important difference between his knowledge of an underlying fact and his knowledge of evidence supporting such fact, he ends up back where he started—arguing that his knowledge of supporting evidence should be deemed the factual predicate. But his statement clearly shows that he told defense counsel for 20 months about his alleged insanity at the time of the offense. Petitioner's argument here does not change the Court's decision to overrule the second objection raised in Petitioner's Objections to Report and Recommendation (Dkt. 20-2).

### E. Petitioner's Fourth Motion to Supplement (Dkt. 26)

On December 20, 2019, Petitioner filed a Motion to Supplement Information/Facts Concerning Petitioners [sic] Objections to Report and Recommendation (Dkt. 26), wherein he requests leave to provide supplemental information "concern[ing] the court record, newly perceived and acknowledged facts with better explanation, and the issues of **factual predicates/new evidence** and **equitable tolling**."[26] The Court hereby grants the motion (Dkt. 26) and considers the supplemental information in reviewing the objected-to portions of the Report and Recommendation (Dkt. 18) de novo.

Petitioner's fourth motion to supplement simply re-hashes arguments already made in his first, second, and third motions. After review, the Court still agrees with the Magistrate Judge that statutory tolling under § 2244(d)(1)(D) does not apply because

---

[25] Suppl. Objs. to Mag.'s R. & R. (Dkt. 24-1) at 2–3.

[26] Mot. to Suppl. Info./Facts Concerning Pet'r's Objs. to R. & R. (Dkt. 26) at 1.

Petitioner was aware of the factual predicate for his insanity defense prior to his conviction becoming final and that that equitable tolling does not apply. Consequently, Petitioner's arguments do not change the Court's decision to overrule the second objection raised in Petitioner's Objections to Report and Recommendation (Dkt. 20-2) or the second objection raised in his Supplemental Objections to Magistrates [sic] Report and Recommendation (Dkt. 22-1).

### F. Petitioner's Fifth Motion to Supplement (Dkt. 30)

On January 27, 2020, Petitioner filed a Motion to Supplement Newly Obtained Information/Facts/Evidence Concerning Petitioners [sic] Objections to Report and Recommendation and §2254 Petition Claims (Dkt. 30), wherein he requests leave to supplement his objections with a "letter from the 'Oklahoma Indigent Defense System.'"[27] The Court hereby grants the motion (Dkt. 30) and considers the supplemental information in reviewing the objected-to portions of the Report and Recommendation (Dkt. 18) de novo.

In support of his argument for statutory tolling under § 2244(d)(1)(A), Petitioner produces a letter from the Oklahoma Indigent Defense System dated January 15, 2020, that explains to him why he likely never received a copy of the police incident report from his public defender.[28] Petitioner argues this letter demonstrates how he "was rendered unable

---

[27] Mot. to Suppl. Newly Obtained Info./Facts/Evid. Concerning Pet'r's Objs. to R. & R. & § 2254 Pet. Claims (Dkt. 30) at 1.

[28] *See* Letter from Mark P. Hoover, Okla. Indigent Def. Sys., to Todd Oliver Ameen (Dkt. 30-2) at 1 (Jan. 15, 2020).

and unknowing to obtain [his] incident detail report any earlier than **Dec 6, 2017** by **no fault of [his] own**,"[29] which in turn apparently demonstrates how he exercised diligence in discovering the police incident report that he thinks should serve as the factual predicate for his insanity defense. Yet again, Petitioner's argument does not reach the relevant issue of when Petitioner discovered the underlying facts that would support an insanity defense; instead, it only reaches the irrelevant issue of when Petitioner discovered further evidence to support the underlying facts. Accordingly, Petitioner's argument here does not change the Court's decision to overrule the second objection raised in Petitioner's Objections to Report and Recommendation (Dkt. 20-2).

## II. CONCLUSION

The Report and Recommendation (Dkt. 18) is **ADOPTED** in its entirety. Accordingly, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations (Dkt. 13) is **GRANTED**, and the claims asserted in the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody (Dkt. 1) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1) as untimely filed.

## III. DENIAL OF CERTIFICATE OF APPEAL

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a

---

[29] Suppl. Info./Facts/Evid. Concerning Pet'r's Objs. to R. & R. & § 2254 Pet. Claims (Dkt. 30-1) at 2.

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that of jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.

      **IT IS SO ORDERED this 28th day of May, 2020.**

                    _____

                    PATRICK R. WYRICK
                    UNITED STATES DISTRICT JUDGE